| j MURRAY, J.,
concurs with reasons.
The issue on this appeal is whether the trial court correctly construed La. C.C. art. 2041 as providing that prescription commences to run from the date the creditor knew or should of known of the act, i.e., the wrongful transfer of the debtor’s assets. Based on the revision comments to Article 2041, the Third Circuit has construed this article to mean that a distinction must be drawn between the wrongful transfer itself and the harm caused by the transfer (i.e., the damages sustained by the creditor). See Premier Bank, Nat’l Ass’n v. Stout, 627 So.2d 188 (La.App. 3 Cir.1993); First Fed. Sav. & Loan Ass’n of Lake Charles v. Jones, 620 So.2d 408 (La. App. 3 Cir.1993); see also Michael H. Rubin & Stephen P. Strohchein, Developments in the Law 1993-19%: A Faculty Symposium; Security Devices, 55 La. L. Rev. 611, 612 (1995). According to the *193 Third Circuit, Article 2041 provides that prescription runs from the latter date.
I find that construction contrary to the clear meaning set forth in Article 2041 itself. Moreover, the Third Circuit in its latter Stout decision questioned its own reasoning in its earlier Jones decision. Stout, 627 So.2d at 192 (Domengeaux, C.J., concurringXnoting his disagreement with the majority’s “reluctance to rely definitively on the case of [Jones, supra] ... [holding that] prescription under La. C.C. art. 2041 cannot begin to run until there is both a wrongful act and resultant damages.”) The majority in Stout commented that under the facts of the case | ¡.before them the result would be the same under both “the express language of Louisiana Civil Code article 2041, which limits the time period to one year from the time the creditor learned or should have learned of the act” or “the more expansive reading of the article articulated by the majority in Jones,'” which held that prescription runs from the time the creditor learned or should have learned of the damage sustained by it as a result of the wrongful transfer of the debtor’s assets. Stout, 627 So.2d at 191.
Although the revision comments analogize the prescriptive period in Article 2041 to the tort prescription provisions, a revo-catory action is not a tort action. It is a creditor’s action granted solely to creditors who are prejudiced at the time of the transfer. See, La. C.C. art. 2036 (providing that wrongful transfer must occur “after the right of the obligee[-creditor] arose.”) By definition, the creditor is harmed at the time of the wrongful transfer. Nonetheless, the Legislature apparently wanted to protect creditors from deceptive debtors and thus provided a one-year discovery prescriptive period as well as a three-year preemptive period.
Applying the one-year discovery period, the trial court found the revocatory action asserted in this case is prescribed. Because I agree with the result reached by the majority affirming the trial court’s decision, I respectfully concur.